*E. L. Twing*, for plaintiff in error.

*E. D. Potter*, for defendant in error.

## ATTACHMENT IN ACTIONS FOR NECESSARIES.

[Circuit Court of Cuyahoga County.]

THE K. B. COMPANY v. JAMES BATIE.

Decided, December 24, 1903.

*Attachment—In Actions for Necessaries—Ten Per Cent. of Debtor's Personal Earnings Not Exempt, When—What Affidavit Should Contain—Failure to Make Demand No Ground for Discharging Attachment—Personal Service of Demand.*

1. Ten per cent. of a debtor's personal earnings are not exempt from execution and attachment where the claim, debt or demand for the payment of which it is sought to subject them is for necessaries furnished to the debtor, his wife or family, since April 26, 1898.

2. In an action for necessaries the plaintiff may have an order of attachment when the affidavit therefor sets forth merely the nature of plaintiff's claim, that it is just, the amount affiant believes the plaintiff ought to recover, that the property sought to be attached is not exempt from execution, and, if personal earnings are to be attached, that the claim on which judgment is sought is for necessaries, without mentioning any of the nine specifications, the existence of one or more of which must be stated when the action is not for necessaries.

3. An attachment issued in an action for necessaries should not be discharged because the plaintiff has failed to make a demand in writing for the excess over and above ninety per cent. of the personal earnings of the debtor.

4. The demand in writing for the excess over and above ninety per cent. of the personal earnings of the debtor, provided for in Section 6501, Revised Statutes, must be served upon the debtor personally.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to court of common pleas.

October 22, 1903, plaintiff brought an action against defendant before a justice of the peace to recover "the sum of $20.25 for necessaries, to-wit, clothes sold and delivered," and with his bill of particulars filed an affidavit in attachment in which it was alleged, "that said defendant is justly indebted to said plaintiff in the sum of twenty 25-100 dollars, for necessaries, to-wit, clothes sold and delivered; that said claim is just and lawful; that he believes said plaintiff ought to recover thereon the amount of $20.25, with interest as hereinbefore stated, and that the property about to be attached is not exempt from execution; that said property is the personal earnings of the defendant for services rendered by the defendant, and only ten per cent. of said earnings and four dollars is sought to be attached; that the claim for which judgment is sought is for necessaries contracted since April 26, 1898; that the said defendant is the head or support of a family, and has not in good faith, the maintenance and support of a widowed mother wholly dependent upon him for support."

Order of attachment was issued and served upon the employer of the defendant, as garnishee, on October 28, 1903.

Thereafter motion was made by the defendant before the justice to discharge the attachment, and said motion being overruled, the matter was appealed to the common pleas court, heard by said court upon the original papers and affidavits, and the attachment was discharged.

Petition in error has been filed in this court by the plaintiff below, together with a bill of exceptions setting forth all the testimony given in the court below, from which it appears that the merits of plaintiff's claim were not contested, but the defendant based his right to a dissolution of the attachment upon the following grounds:

1. That plaintiff being a partnership, transacting business in this state under a fictitious name, could not maintain the action until it had complied with the requirements of Sections 3170-1 to 7, Revised Statutes, and had filed a certificate with the clerk of the court of common pleas, as therein prescribed.

2. That the property sought to be attached was exempt.

3. That there was no proof that plaintiff had made a demand in writing upon his debtor for the excess of his personal earnings over and above ninety per cent. thereof, as required by Section 6501, Revised Statutes.

4. That if such demand was made, it was more than thirty days before the garnishee was served with process, and therefore would not bind any money in his hands coming due to the debtor after said thirty days.

The first objection may be considered by itself, and the second, third and fourth objections together. As to the first objection, it does not appear whether plaintiff had filed the certificate of partnership as required by Section 3170-1 to 7; there was no testimony on the subject. Section 3170-6 provides that if the partners shall at any time comply with the provisions of the act, then such partnership shall have the right to commence an action, or, if such action has been commenced, to maintain it. We incline to the construction of this statute which holds that failure to comply with it is a defense. *J. W. Hartzell & Co. v. Warren,* 11 C. C., 269.

The defense was not proved and there was no presumption against the plaintiff that it had not complied with the law. The statute is penal in its nature and should be strictly construed.

The second, third and fourth reasons alleged by the defendant require an examination of the recent amendments of the exemption and attachment laws found in 93 O. L., 321 and 94 O. L., 376.

These recent enactments make it plain that ten per cent. of a debtor's personal earnings are no longer exempt from execution and attachment where the claim, debt or demand for the payment of which it is sought to subject them is for necessaries furnished to the debtor, his wife or family since April 26, 1898, the date of the passage of the first of said acts.

It also appears that in an action for necessaries the plaintiff may have an order of attachment when the affidavit therefor sets forth merely the nature of the plaintiff's claim, that it is just, the amount affiant believes the plaintiff ought to recover, that the property sought to be attached is not exempt from

execution, and, if personal earnings are to be attached, that the claim on which judgment is sought is for necessaries, without mentioning any of the nine particulars, the existence of one or more of which must be stated when the action is not for necessaries, (Section 6489, Revised Statutes). The affidavit in this case complied with this section of the statutes. The claim was for necessaries, and the property sought to be attached was the excess of the personal earnings of the debtor over and above the ninety per cent. thereof which was exempt by law.

But it is claimed by virtue of Section 6501, Revised Statutes, that the affidavit should also contain an allegation that the plaintiff had made a demand in writing upon his debtor for the said excess of his personal earnings, or, in any event, that the attachment should be discharged upon a showing that such demand had not been made. These claims are based upon the following proviso in said section:

"The person bringing an action for necessaries shall first make a demand in writing for the excess over and above ninety per centum of the personal earnings of the debtor."

To give such construction to this clause as is claimed by counsel for defendant in error would be to hold that no action for necessaries, even without attachment proceedings, could be brought without such demand. Such was not the intention of the Legislature.

Reading Section 6501 with reference to the question here raised, and stripping it of its verbage and other matters not pertinent to this case, it provides as follows:

A garnishee may pay the money owing by him to the defendant to the constable and he shall be discharged from liability to the defendant for any money so paid, and not be subjected to costs, but allowed his own costs, provided, that he may pay to such debtor ninety per cent. of his personal earnings, less the sum of four dollars for costs, and be released from any liability to such creditor; provided further, that the person bringing an action for necessities shall first make a demand in writing for the excess over said ninety per cent., and no cost or expense shall be chargeable to the defendant debtor if he tender pay-

ment in money or duly accepted order for the said excess of his personal earnings.

We think that the purpose of this enactment was to enable a debtor for necessaries to save himself from costs accruing as the result of garnishment of ten per cent. of his personal earnings, by tendering payment in money or a duly accepted order for said amount. It follows that neglect to make such written demand would put the costs upon the plaintiff, or upon the garnishee, if he should pay in the absence of such demand, for the statute reads: "No costs or expense shall be chargeable to the defendant debtor if he tender," etc., and the authority with reference to the payment to the constable or withholding from the debtor of four dollars over and above ten per cent. of his wages is upon the proviso that said written demand be made. That such is the construction to be put upon the statute is gathered not only from a reading of it, as it now appears, but by a consideration of what must have been the intention of the Legislature in enacting the amendment of April 16, 1900, as shown by a comparison of the law as amended with the law as it was under the amendment of April 26, 1898.

It does not follow, however, that an attachment should be discharged because either the affidavit in attachment or the proof does not show a demand in writing for the excess over and above ninety per centum of the personal earnings of the debtor, and we so hold.

An affidavit, part of the records in this case, shows that plaintiff on September 21, 1903, left a written demand for "the excess over and above 90 per centum of your personal earnings for the week ending September 21, 1903, or in lieu thereof an accepted order on your employer" with the wife of the defendant at his residence, and that she subsequently told him that she had given it to her husband. The husband's affidavit denies receiving the demand. It is not necessary for a determination of the case on error in this court to pass upon the sufficiency and effect of said demand or its service, but as the original action still stands undisposed of before the justice of the peace, it may be proper to say that there was in this case a failure to prove service of the demand. The statute does not specify how the demand should

be served, and it has been repeatedly held that ''Where a statute requires the giving of notice and there is nothing in the context of the law or in the circumstances of the case to show that any other notice was intended, personal notice must always be given.'' 21 Am. & Eng. Enc. of Law, 583.

For error in granting the motion to discharge the attachment the judgment of the court of common pleas is reversed.

*Hart & Canfield,* for plaintiff in error.

*A. A. Maresh,* for defendant in error.